[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10505
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A088-052-170,
A088-052-171

JESUS ANTONIO OVIEDO CALA,
MARIA AUXILIADORA CONTRERAS ANGARITA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 26, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jesus Antonio Oviedo Cala,[1] a citizen of Venezuela, arrived in the United States on a non-immigrant visitor's visa in August of 2003. More than three years later, in October 2006, Cala filed an application for asylum, withholding of removal, and United Nations Convention Against Torture ("CAT") relief. The Immigration Judge ("IJ") denied Cala's application, finding, inter alia, that the request for asylum was time-barred and that Cala's allegations did not rise to the level of persecution. Cala appealed the denial of his application for asylum and withholding of removal to the Board of Immigration Appeals ("BIA").[2] The BIA affirmed the IJ's decision, finding that Cala had not proven that exigent circumstances justified the failure to timely file his asylum application and that Cala had not met his burden of proving eligibility for withholding of removal. Cala moved for reconsideration, arguing that (1) the BIA should have permitted him to file an out-of-time asylum application due to extraordinary circumstances; and (2) given the record, the BIA erred by finding that he did not suffer past persecution or have a well-founded fear of future persecution. The BIA denied this motion to reconsider. Cala now petitions, pro se, for review of the BIA's denial of his motion to reconsider its previous order denying his petition for asylum and

---

[1] Cala's wife, Maria Contreras Angarita, is a derivative beneficiary of Cala's application. Because Angarita has adopted Cala's arguments, this opinion will not refer to Angarita.

[2] Cala did not appeal the denial of his request for protection under the CAT; therefore, this claim has been waived. 8 C.F.R. §§ 1208.16-18.

2

withholding of removal.

## I.

We "review subject matter jurisdiction de novo." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We review "the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).

## II.

In his petition, Cala first argues that the BIA erred by finding that his untimely asylum application was not justified by extraordinary circumstances.

An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered if the alien can demonstrate the "existence of changed circumstances which materially affect" his eligibility or "extraordinary circumstances" relating to the delay in filing his application. Id., § 1158(a)(2)(D). However, "[n]o court shall have jurisdiction to review any determination" made pursuant to § 1158(a)(2). See 8 U.S.C. §§ 1158(a)(2)(D), (a)(3). We have held that this language precludes federal court review of determinations regarding the timeliness of an asylum application or the "changed or extraordinary circumstances" exceptions. Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002).

3

Because we lack jurisdiction to review the BIA's determination that the extraordinary circumstances exception did not excuse the untimeliness of Cala's asylum application, we dismiss this part of his petition.

III.

Cala next argues that the BIA erred by failing to reconsider its finding that Cala did not establish past persecution in support of his petition for withholding of removal.

A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and [must] be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). We have held that "merely reiterating arguments previously presented to the BIA" fails to satisfy this standard. Calle, 504 F.3d at 1329.

In his motion to reconsider the BIA's denial of his appeal, Cala argued that the BIA erred in finding that Cala did not establish that he had been persecuted in Venezuela or that it was more likely than not that he would be subject to persecution upon returning to Venezuela. Cala pointed to evidence in the record indicating that Cala was detained, beaten, and sprayed with tear gas after being taken by MVR members for protesting against them. However, these arguments offered nothing more than a reiteration of the arguments and evidence set forth in his appeal. The BIA already considered and rejected these arguments in its

4

original order.  It is well established that a motion for reconsideration is intended to "contest[] the correctness of the original decision based on the previous factual record" and will be denied if it is based on arguments that were or could have been made in an earlier proceeding.  In re O-S-G, 24 I&N Dec. 56, 57-58 (BIA 2006). Accordingly, the BIA did not abuse its discretion by denying Cala's motion for reconsideration, because that motion merely restated the arguments Cala had previously raised before the BIA and did not specify errors of fact or law in the BIA's original order.  See 8 C.F.R. § 1003.2(b)(1).  Accordingly, we deny this part of Cala's petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**